UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CHRISTOPHER HOY,

    Plaintiff,

v.

ALOHA PARASAIL, INC., a Florida corporation,
and WAYNE MASCOLO, an individual,

    Defendants.

_____/

**COMPLAINT**

Plaintiff, CHRISTOPHER HOY (hereinafter, "HOY" or Plaintiff), by and through his undersigned attorney, hereby files this Complaint against ALOHA PARASAIL, INC., ("ALOHA PARASAIL") and WAYNE MASCOLO ("MASCOLO") and says:

**JURISDICTION AND VENUE**

1.    This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act"), Florida Statute § 448.110 (the Florida Minimum Wage Act, hereinafter the "FMWA").

2.    This Court has jurisdiction of the claims asserted in this complaint pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.    Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give

rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

5. Plaintiff sent a letter of demand to Defendants on August 22, 2018 which put Defendants on notice of his intent to initiate the instant action ("Demand," attached hereto as "Exhibit A"), pursuant to Fla. Stat. §448.08(6)(a).

## PARTIES

6. Plaintiff is a citizen and resident of the Southern District of Florida, over the age of eighteen years and otherwise *sui juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a Parasail Captain. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e) and was regularly engaged in commerce.

7. Defendant ALOHA PARASAIL is a Florida corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Broward County, Florida. Defendant ALOHA PARASAIL has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant MASCOLO owned and operated ALOHA PARASAIL at all times material hereto and, upon information and belief, is a resident of Broward County, Florida. The Florida Department of State Division of Corporations lists MASCOLO as President and Director of ALOHA PARASAIL.

9. Defendant MASCOLO had operational control of significant aspects of ALOHA PARASAIL's day to day functions, including employment practices and compensation of

employees, and was responsible for the supervision and control of Plaintiff and the work Plaintiff performed.

10. Defendant MASCOLO also had the power to hire and fire employees of ALOHA, set their wages, retain time and/or wage records, and otherwise control the terms of the employment. Defendant MASCOLO also had the power to stop any illegal pay practices that harmed Plaintiff.

11. Defendant MASCOLO acted and acts directly in the interests of ALOHA PARASAIL in relation to its employees and, thus, Defendant MASCOLO was and is an employer within the meaning of Section 3(d) of the FLSA.

12. At all times relevant hereto, Defendants were covered employers under the FLSA 29 U.S.C. §§ 203(d) and (s)(1) in that they had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce and therefore has employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

14. Defendant ALOHA PARASAIL, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

15. Plaintiff was an employee covered by the FLSA in that he was employed by Defendants as a Parasail Captain. He is therefore an "employee" under 29 U.S.C. § 203(e).

16. Plaintiff should have been classified as an employee rather than an independent contractor throughout his employment because the manner in which he was to perform his work was dictated by MASCOLO.

## **GENERAL ALLEGATIONS**

17. Plaintiff started working for Defendants in November, 2017 and separated from employment effective on May 23, 2018.

18. Plaintiff received an hourly wage of $16.00 for all hours worked together with tips, but never received overtime pay.

19. Plaintiff is a non-exempt employee of Defendants, subject to the payroll practices and procedures set forth hereinafter, who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

20. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201-219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

21. Plaintiff worked for approximately fifty (50) hours per week from November, 2017 until his separation on May 23, 2018.

22. Plaintiff was paid $16.00/hour plus tips. He was also paid $3.00 per flyer and initially $5.00 per photo package purchased, but later reduced to $2.50.

23. Plaintiff was paid only straight time and no overtime.

24. For approximately the last week of his employment, Defendants paid Plaintiff nothing, in violation of minimum wage laws.

25. After approximately February 25, 2018, Defendants improperly withheld Plaintiff's earned tips paid by credit card.

26. Plaintiff is entitled to damages as set forth above; and is further entitled to his reasonable attorney's fees pursuant to Florida Statute §448.08 as the damages asserted are wages due Plaintiff.

## COUNT I: VIOLATION OF FLSA / OVERTIME
## (AGAINST ALL DEFENDANTS)

27. Plaintiff re-alleges and re-avers paragraphs 1-26 as fully set forth herein.

28. Plaintiff is an employee as defined by the FLSA because the Defendants controlled when Plaintiff worked, all cash flow, the amount charged to each client, the customer distribution, the way Plaintiff performed his services, and virtually every other aspect of the business.

29. Plaintiff worked for approximately fifty (50) hours per week from November, 2017 until his separation on May 23, 2018.

30. Defendants paid Plaintiff straight time and never overtime. Pursuant to Section 7 of the Act [29 U.S.C. §207] Plaintiff should have been compensated at a rate of one half times his regular rate of pay for every hour over forty which he worked in any given workweek. Defendants' failure to pay Plaintiff overtime over the course of his employment is a willful violation.

31. Defendants' failure to provide required compensation for all hours worked by Plaintiff is a willful violation within the meaning of the FLSA (29 U.S.C. §255(a)).

32. Defendants' repeated and intentional failures to provide required compensation for all hours worked by Plaintiff was not made in good faith within the meaning of the FLSA (29 U.S.C. §260).

33. As a result of the Defendants' violations of the FLSA, Plaintiff HOY has incurred economic harm and loss.

WHEREFORE, Plaintiff requests judgment for:

a. Actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 260;

d. Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

e. Such other relief as the Court deems just and proper.

### COUNT II: VIOLATION OF FLSA / MINIMUM WAGE
### (AGAINST ALL DEFENDANTS)

34. Plaintiff re-alleges and re-avers paragraphs 1–26, as fully set forth herein.

35. During the last week of Plaintiff's employment with Defendants, Plaintiff was not compensated at all for hours worked for Defendants. For the last week of his employment beginning on or about May 15, 2018, HOY worked hours for which he was paid nothing.

36. The Defendants willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendants employed Plaintiff during the relevant time period.

37. As a direct result of Defendants' willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

WHEREFORE, for workweeks within three (3) years of the filing of this Complaint, Plaintiff requests judgment for:

a) Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d) A jury trial on all issues so triable;

e) Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

### COUNT III: UNPAID WAGES
### (AGAINST ALL DEFENDANTS)

38. Plaintiff re-alleges and re-avers paragraphs 1-26 as fully set forth herein.

39. On August 22, 2018, Plaintiff sent a Demand to Defendants for his unpaid wages, pursuant to Fla. Stat. §448.08 (6) (a).

40. Plaintiff was to be compensated at the rate of $16.00/hour for the hours worked plus tips, $3.00 per flyer and $2.50 per photo package purchased.

41. Defendants have not paid Plaintiff's duly earned wages during his last week of employment.

42. Defendants also improperly withheld Plaintiff's duly earned tips paid by credit card after approximately February 25, 2018.

43. Plaintiff reasonably estimates that he is owed $533.50 as a base amount, together with unpaid tips to be determined by credit card records from Defendants.

WHEREFORE, Plaintiff requests judgment for:

a. Unpaid wages in the amount to be determined by the Court, less any amount shown as actually paid;

b. Liquidated damages pursuant to Fla. Stat. §448.110(6)(c)(1);

c. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

d. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER HOY, hereby demands a trial by jury on all issues and counts so triable contained herein.

Dated: September 7, 2018.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By: /s/ Charles Eiss
CHARLES M. EISS, Esq.
Fla. Bar #612073
Chuck@icelawfirm.com