UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-62122-CIV-DIMITROULEAS/SNOW

CHRISTOPHER HOY,

    Plaintiff,

v.

ALOHA PARASAIL, INC., a Florida corporation,
and WAYNE MASCOLO, an individual,

    Defendant
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Plaintiff's Motion for Court to Direct the U.S. Marshalls to Transport Defendant, Wayne Mascolo to the Fort Lauderdale United States District Court at a Designated Time for Defendant to Sit for Deposition (hereinafter "Motion"). (ECF No. 65)  This Motion is related to Plaintiff's Motion for Order to Show Cause (ECF No. 48), which was referred to United States Magistrate Judge Lurana S. Snow by United States District Judge William P. Dimitrouleas, . (ECF No. 49)  On October 30, 2020, the Court conducted a hearing on Plaintiff's Motion for Order to Show Cause.

## I. BACKGROUND

On November 28, 2018, Plaintiff's Motion for Default Final Judgment against Defendant Aloha Parasail, Inc. was granted, wherein Judgment was entered against Defendant in the total amount of $8,067.00. (ECF No. 14)  On September 4,

2019, Plaintiff's Motion for Default Final Judgment against Defendant Wayne Mascolo was granted, wherein judgment was entered against Mascolo in favor of Plaintiff in the total amount of $8,067.00. (ECF No. 45)

On July 29, 2020, Plaintiff scheduled a Deposition of Defendant Mascolo, individually and as the Registered Agent and President of Aloha Parasail, in aid of execution of the judgment. (ECF No. 48 at ¶ 3) The Notice of Taking Deposition in Aid of Execution was sent to Defendant Mascolo by regular and certified mail on the same day. (ECF No. 48-1) On August 17, 2020, Defendant Mascolo failed to appear for his noticed deposition. (ECF No. 48-2) On September 10, 2020, Plaintiff filed his Motion for Order to Show Cause (ECF No. 48), which the Court deferred ruling on to allow Plaintiff to be personally served with the Motion and this Court's Order setting deadlines to respond to the Motion or to attend a newly scheduled deposition. (ECF No. 51) Personal service was accomplished on October 8, 2020. (ECF No. 55) Defendants failed to comply with this Court's Order.

On October 23, 2020, this Court entered an Order Setting Show Cause Hearing and a briefing schedule and again required personal service of the Order. On October 29, 2020, Defendant Mascolo was personally served with the Motion and the Order setting the Show cause hearing. Further, Chambers personnel contacted Defendant by telephone to advise him that a hearing had been set and would be conducted via Zoom, and provided him with the Zoom instructions. The Defendant nevertheless failed to appear at the Show Cause hearing conducted on October 30, 2020.

On November 4, 2020, the Court entered an Order granting Plaintiff's Motion for Order to Show Cause (ECF No. 48), in part. (ECF No. 62) The Order required Defendant Wayne Mascolo to present himself for deposition, individually and as Registered Agent and President of Aloha Parasail Inc., on November 17, 2020, via Zoom. (ECF No. 62 at 2) Defendant was warned that failure to appear at the above referenced deposition, would result in the Court directing the U.S. Marshal to transport him to the Fort Lauderdale United States District Court where his deposition will be conducted. (ECF No. 62 at 3) Defendant Mascolo once again failed to appear at the deposition scheduled for November 17, 2020. (ECF No. 63) Plaintiff then filed the instant Motion to which no response or objection has been filed.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide that "[a]n order committing a person for civil contempt of a decree or injunction issued to enforce federal law may be served and enforced in any district." Fed. R. Civ. P. 4.1(b) (emphasis added). In this case, Plaintiff's claims arise in part under federal law, specifically 29 U.S.C. § 201, et seq, the Fair Labor Standards Act. (ECF No. 1 at 1) As a result, the Magistrate Judge has the authority to certify to the Court facts establishing the Defendant Mascolo to be in civil contempt and recommend that the defendant be committed as a result. See 28 U.S.C. §636 (e)(6)(B); see, e.g., SEC v. Res. Dev. Int'l L.L.C., 86 F. App'x 14 (5th Cir. 2003) (upholding petitioners' incarcerations for civil contempt because the case involved alleged violations of federal securities laws and, thus, contempt orders could be properly served in any district); SEC v. Bilzerian,

3

131 F. Supp. 2d 12 (D.D.C. 2001) (ordering incarceration of defendant in Florida due to his failure to comply with temporary purgation requirements).

In Mesa v. Luis Garcia Land Service, Co., the Court dealt with an issue which is factually similar to the one raised by the instant motion. Mesa v. Luis Garcia Land Service, Co., 218 F. Supp. 3d 1375 (S.D. Fla. 2016)  Just as in the instant case, in Mesa, the plaintiff brought a Fair Labor Standards Act action against the defendant. Id. at 1377.  In Mesa the defendant failed to appear at the deposition set by the plaintiff, at his second deposition which was ordered by the Court, and finally the defendant also did not appear at the Court's show cause hearing. Id. at 1379.  As a result, the Court found the defendant to be in civil contempt for violating the Court's order and adjudged that unless the defendant purged himself of his civil contempt by voluntarily sitting for his deposition, the Court would issue an arrest warrant and incarcerate the defendant until the defendant sat for his deposition. Id. at 1381; see also In re Grand Jury Proceedings, 142 F.3d l416, 1424 (11th Cir. 1998) (traditional sanctions for defendant's failure to comply with injunction are a fine or imprisonment; the sanction is lifted when defendant purges himself or herself of contempt by complying with injunction).

In the instant case, Defendant Mascolo also failed to appear at two scheduled depositions as well as the Court's show cause hearing. (ECF Nos. 48-2; 57 at 2; 62 at 2)  Defendant was cautioned on numerous occasions that a failure to comply with the Court's orders could result in a finding of contempt or sanctions against him. (ECF Nos. 51; 53; 58)  Despite this fact, Defendant Mascolo has continued to ignore this Court's orders (ECF Nos. 51; 53; 58), and has offered no explanation as to why

4

he has not complied nor has he provided any evidence to demonstrate that he cannot comply.

Accordingly, it is hereby

RECOMMENDED that Plaintiff's Motion (ECF No. 65) be GRANTED; and further recommended that Defendant Wayne Mascolo be found in Civil Contempt of this Court. Defendant Mascolo may purge himself of this contempt by voluntarily submitting to a deposition by Plaintiff's Counsel before January 21, 2021.

IT IS FURTHER RECOMMENDED that if Defendant Mascolo fails to submit to a deposition by January 21, 2021, the District Court should enter an order requiring the following:

(1) that a Writ of Bodily Attachment be issued by the District Court and that Defendant Mascolo's body be seized by the United States Marshals' Office for the Southern District of Florida and taken to courtroom 203D at the United States District Court for the Southern District of Florida in Fort Lauderdale;

(2) Defendant Mascolo be confined in the courtroom until the completion of his deposition which is to take place on a date to be coordinated with counsel and the Marshals' service and be no longer than one hour. The Marshal will remain for the duration of the deposition;

(3) The Plaintiff shall obtain a court reporter for the deposition and pay all costs associated with the court reporter;

(4) The Marshal should be advised that Plaintiff has expressed a safety concern based on verbal altercations with the Defendant as noted in Plaintiff's Motion to Show Cause. (ECF No. 37 at 1-2 ); and

(5) The Clerk of Court is directed to enter a docket entry that notes the service of this Order by U.S. Mail to the Defendant at both addresses listed below.

The parties will have fourteen (14) days after being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. See 28 U.S.C. § 636(b)(1) (providing procedure for review of magistrate judge Report and Recommendation). Failure to timely file objections shall bar the parties from a de novo determination by Judge Dimitrouleas of any issue covered in this Report and shall bar the parties from challenging, on appeal, the factual findings accepted or adopted by this Court, except upon grounds of plain error or manifest injustice. See Thomas v. Arn, 474 U.S. 140, 145–53 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016)

DONE AND SUBMITTED at Fort Lauderdale, Florida this 8th day of January 2021.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable William P. Dimitrouleas

Counsel of Record and/or Pro Se Parties

Wayne Mascolo, pro se
1421 South Ocean Drive
Fort Lauderdale, FL 33316
and
301 Seabreeze Blvd.
Fort Lauderdale, FL 33316